UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

October 20, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Latasha L. o/b/o P.L. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 23-673-BAH

Dear Counsel:

On March 10, 2023, Latasha L., on behalf of her minor child, P.L., ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7), the parties' briefs (ECFs 11 and 13), and Plaintiff's alternative motion for remand (ECF 11). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will GRANT Plaintiff's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 28, 2018, alleging a disability onset of August 20, 2018. Tr. 173–78. Plaintiff's claim was denied initially and on reconsideration. Tr. 97–100, 105–06. On June 16, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 37–72. Following the hearing, on December 22, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 18–36. The Appeals Council denied Plaintiff's request for review, Tr. 6–12, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.   THE ALJ'S DECISION

Under the Social Security Act, an individual under the age of 18 will be considered disabled "if [they have] a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §

---

[1] 42 U.S.C. §§ 301 et seq.

*Latasha L. o/b/o P.L. v. Kijakazi*
Civil No. 23-673-BAH
October 20, 2023
Page 2

1382c(a)(3)(C)(i). The ALJ is required to evaluate a child's disability determination using a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child has engaged in substantial gainful activity. *Id.* § 416.924(b). At step two, the ALJ determines whether the child's medically determinable impairment or combination of impairments is considered "severe." *Id.* § 416.924(c). At step three, the ALJ determines whether the child's impairments or combination of impairments meets, medically equals, or functionally equals a listed impairment. *Id*. § 416.924(d).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 28, 2018, the application date." Tr. 22. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "mild developmental delay, intellectual disorder, and specific learning disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "developmental incoordination disorder, speech and language disorder, and convergence insufficiency in her eye movements."[2] *Id*. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 24. The ALJ also determined that Plaintiff "does not have an impairment or combination of impairments that functionally equals the severity of the listings." Tr. 26.

### III. LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff raises three arguments on appeal. First, Plaintiff argues that the ALJ erroneously determined that her impairments were not functionally equivalent to a listed impairment. ECF 11, at 2–7. Second, she argues that the ALJ erroneously evaluated her subjective complaints. *Id.* at 7–9. Third, Plaintiff contends that the ALJ erroneously assessed an evaluation prepared by Dr. Sheldon Weinstock. *Id.* at 9–12. Defendant counters that: (1) substantial evidence supported the ALJ's determination that Plaintiff had a less-than-marked limitation in the domain of acquiring

---

[2] Despite allegations that Plaintiff suffered from cerebral palsy and a seizure disorder, the ALJ determined that these alleged impairments were not medically determinable. Tr. 23.

and using information; (2) substantial evidence supported the ALJ's assessment of Plaintiff's symptoms; and (3) the ALJ properly considered Dr. Weinstock's evaluation in accordance with SSA regulations. ECF 13, at 5–18.

The Court confines its analysis to Plaintiff's third argument because it finds the argument dispositive. SSA regulations define a "medical opinion" as "a statement from a medical source about what [a claimant] can still do despite [their] impairment(s) and whether [they] have one or more impairment-related limitations or restrictions in" the ability to perform a variety of mental, physical, and other demands. 20 C.F.R. § 416.913(a)(2). "Medical opinions in child claims," such as Plaintiff's, "are about impairment-related limitations and restrictions in [the claimant's] abilities in the six domains of functioning[.]" *Id.* § 416.913(a)(2)(ii). These six domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. *Id.* § 416.913(a)(2)(ii)(A)–(F).

For claims, such as Plaintiff's, filed on or after March 27, 2017, "an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled." *Adrianna S. v. Comm'r of Soc. Sec.*, No. SAG-20-3136, 2022 WL 112034, at *1 (D. Md. Jan. 12, 2022) (citing 20 C.F.R. § 416.920c). An ALJ must "articulate . . . how persuasive [the ALJ] find[s] all of the medical opinions . . . in [a claimant's] case record." *Id.* (citing 20 C.F.R. § 416.920c(b)). Supportability and consistency are the most important factors in weighing medical opinions. *Id.* (citing 20 C.F.R. § 416.920c(b)(2)). Therefore, the ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's" opinions in their decision. *Id.* Supportability refers to "the objective medical evidence and supporting explanations presented by" a source. *Id.* (citing 20 C.F.R. § 416.920c(c)(1)). Consistency refers to the cohesion between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* (citing 20 C.F.R. § 416.920c(c)(2)).

Here, after determining that Plaintiff had no impairment which met, equaled, or functionally equaled a listed impairment, the ALJ turned to evaluating the opinion evidence of record. Tr. 32. Specifically, the ALJ considered the evaluation of Dr. Sheldon Weinstock, who interviewed Plaintiff and conducted two psychological tests on Plaintiff in 2021. Tr. 32–33, 308–12. The ALJ provided the following analysis of Dr. Weinstock's evaluation:

> As for opinion evidence, the undersigned did not provide articulation about the evidence that is inherently neither valuable nor persuasive in accordance with 20 CFR 416.920(c). Consideration was given to the statements of Dr. Weinstock who opined that the claimant requires more exposure to social situations and educational environment, and that she may have difficulty in a regular classroom (Exhibit B9F). Dr. Weinstock's assessment is supported by his narrative report, documenting the claimant's presentation and abilities during testing. However, he only provided facts and subjective reports about the claimant's functioning, rather than assessing how well the child performs in each domain. Considering he did not provide statements related to the claimant's functioning, his opinion is neither inherently valuable nor persuasive.

Tr. 32–33.  For the following reasons, the Court agrees with Plaintiff that the ALJ's analysis of Dr. Weinstock's evaluation warrants remand.

        A.        <u>The Evidence Provided by Dr. Weinstock Constituted a "Medical Opinion."</u>

Before addressing Plaintiff's argument, the Court resolves a threshold issue concerning the nature of Dr. Weinstock's evaluation.  Defendant contends that Plaintiff's argument regarding Dr. Weinstock's evaluation is unavailing insofar as Plaintiff "ignores" the definition of "medical opinion" which the SSA applies in child claims.  ECF 13, at 16.  As stated above, "[m]edical opinions in child claims are about impairment-related limitations and restrictions in [the child's] abilities in the six domains of functioning[.]"  20 C.F.R. § 416.913(a)(2)(ii).  Defendant suggests, but does not explicitly argue, that medical opinions in child claims must address each of the six domains of functioning set forth at 20 C.F.R. § § 416.913(a)(2)(ii).  ECF 13, at 16.

But Defendant cites no authority supporting this position, *see id.*, and the relevant regulation contains no explicit requirement that an opinion in a child claim must encompass all six of the relevant domains.  *See* 20 C.F.R. § 416.913(a)(2)(ii).  The Court also observes that at least one district court has held that a medical opinion in a child claim may properly concern fewer than six domains of functioning.  *See Vargas v. Kijakazi*, No. 20-CV-5927, 2022 WL 3099768, at *7 (E.D. Pa. Aug. 4, 2022) (holding that a doctor's evaluation constituted an "opinion" pursuant to 20 C.F.R. § 416.913(a)(2)(ii) because, even though the evaluation "did not explicitly address the six areas of functioning necessary for a child disability claim," the doctor's "opinion that Plaintiff could only attend school two-thirds of the time and had minimal social functioning illustrates . . . difficulties interacting and relating with others, which is one of the six areas.").  Accordingly, the Court declines Defendant's invitation to read 20 C.F.R. § 416.913(a)(2)(ii) to require medical sources to opine on all six of the relevant domains of functioning in a child case.

Here, the ALJ determined that Dr. Weinstock did not assess how well Plaintiff "performs in each domain."  Tr. 33.  Nonetheless, the ALJ acknowledged that Dr. Weinstock "provided facts and subjective reports about [Plaintiff's] functioning[.]"  Tr. 32.  Moreover, a review of Dr. Weinstock's opinion reveals that Dr. Weinstock assessed Plaintiff's abilities in working memory, fluid reasoning, and math computation, among other things.  Tr. 310–11 (noting recommendations for Plaintiff's adjustment, learning, and developmental issues and noting that Plaintiff "is understandable, but does have trouble comprehending, reading, math and writing and does write the number 3 backwards and does not understand the difference between the subtraction and multiplication signs, something that a 7 year 8-month-old would be expected to do.").

Given this, the Court is satisfied that Dr. Weinstock's opinion concerns: (1) what Plaintiff can still do "despite [her] impairment(s)" and whether she has certain impairment-related limitations; and (2) at least two of the six domains of functioning relevant to child claims—namely, acquiring and using information and attending and completing tasks.  20 C.F.R. §§ 416.913(a)(2), 416.913(a)(2)(ii)(A), (B).  Accordingly, the Court determines that Dr. Weinstock's 2021 evaluation constituted a "medical opinion" under 20 C.F.R. § 416.913, which the ALJ was required to evaluate in accordance with 20 C.F.R. § 416.920c.  *See* 20 C.F.R. §§ 416.913, 416.920c.

*Latasha L. o/b/o P.L. v. Kijakazi*
Civil No. 23-673-BAH
October 20, 2023
Page 5

      B.      <u>The ALJ Erred in Evaluating Dr. Weinstock's Medical Opinion</u>

Having determined that Dr. Weinstock's 2021 evaluation constituted a "medical opinion," the Court next considers Plaintiff's argument that the ALJ failed to evaluate the opinion in accordance with relevant SSA regulations. As an initial matter, the Court agrees with Plaintiff that the ALJ improperly characterized Dr. Weinstock's evaluation as "inherently neither valuable nor persuasive." ECF 11, at 11–12, *see* Tr. 33. In cases, such as Plaintiff's, filed on or after March 27, 2017, the SSA does not "provide any analysis about how [it] consider[s]" evidence which is "inherently neither valuable nor persuasive" in a decision. 20 C.F.R. § 416.920b(c). In this case, the ALJ determined that Dr. Weinstock's evaluation was "inherently neither valuable nor persuasive" because Dr. Weinstock "did not provide statements related to [Plaintiff's] functioning[.]" Tr. 33.

However, evidence cannot be "inherently neither valuable nor persuasive" merely because it fails to describe a claimant's functioning. Rather, SSA regulations make clear that evidence which is inherently neither valuable nor persuasive includes: (1) decisions by "other governmental agencies and nongovernmental entities"; (2) disability examiner findings; and (3) statements on issues reserved to the SSA. 20 C.F.R. § 416.920b(c). If the claimant is a child, such evidence also includes statements about "whether [the child's] impairment(s) functionally equals the listings in Part 404 Subpart P Appendix 1." *Id.* Here, the ALJ did not state or suggest that Dr. Weinstock's evaluation satisfied any of the criteria set forth at 20 C.F.R. § 416.920b(c). *See* Tr. 32–33. Accordingly, the ALJ was required to "provide . . . analysis about how [the ALJ] considered such evidence in [their] decision[.]" 20 C.F.R. §416.920b(c).

The ALJ supplied such an analysis, but it failed to fully comply with the procedures for evaluating medical opinions set forth at 20 C.F.R. § 416.920c. As stated above, an ALJ must explain how they considered the supportability and consistency of a medical source's opinions. *See Adrianna S.*, 2022 WL 112034, at *1. Here, despite having determined that Dr. Weinstock's evaluation was "neither valuable nor persuasive," the ALJ analyzed the evaluation's supportability. *See* Tr. 32. It is unclear why the ALJ did so, given that evidence which is "neither valuable nor persuasive" need not be evaluated for consistency or supportability. *See* 20 C.F.R. § 416.920b(c) ("Because the evidence listed in . . . this section is inherently neither valuable nor persuasive to the issue of whether you are disabled or blind under the Act, we will not provide any analysis about how we considered such evidence in our determination or decision, even under § 416.920c[.]"). Even so, the Court determines that the explanation provided by the ALJ comported with 20 C.F.R. § 416.920c(c)(1). *See* Tr. 32 ("Dr. Weinstock's assessment is supported by his narrative report, documenting the claimant's presentation and abilities during testing.").

Nevertheless, the ALJ failed to provide the requisite analysis of whether Dr. Weinstock's evaluation was consistent with the remainder of the evidence pursuant to 20 C.F.R. § 416.920c(c)(2). *See* Tr. 32–33. This omission was not harmless. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six domains of functioning or an "extreme" limitation in one of those six domains. 20 C.F.R. § 416.926a(a). As discussed above, Dr. Weinstock appears to have opined on at least two of the six domains of functioning. *See* Tr. 308–12. But, because the ALJ improperly discounted Dr.

*Latasha L. o/b/o P.L. v. Kijakazi*
Civil No. 23-673-BAH
October 20, 2023
Page 6

Weinstock's evaluation for the reasons described above, the ALJ apparently assigned no persuasive value to the views set forth in the evaluation, including Dr. Weinstock's statement that "[t]here needs to be special help" for Plaintiff because she "does not understand what is expected of her or what she needs to do."[3]  Tr. 312.  Because the ALJ's conclusions in at least two of the six domains of functioning may differ upon an assessment of Dr. Weinstock's evaluation which comports with 20 C.F.R. §§ 416.913 and 416.920c, and because these changes may alter the ultimate disability determination in this case, remand is warranted.

As the case is being remanded on other grounds, I need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion.  In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

V.     **CONCLUSION**

For the reasons set forth herein, Plaintiff's alternative motion for remand, ECF 11, is GRANTED.  Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.  A separate implementing Order follows.


Sincerely,

/s/

Brendan A. Hurson
United States District Judge

---

[3] A proper review of Dr. Weinstock's evaluation is also necessary given the ALJ's determination that "there has been no evidence of a need for [a] special school or wrap around services to address any of the issues alleged" in this case.  Tr. 32.  Dr. Weinstock opined that a regular classroom would present difficulties for Plaintiff.  *See* Tr. 312.